

U.S. Department of Justice

United States Attorney
Eastern District of New York

EHS:MS
F. #2023R00550

271 Cadman Plaza East
Brooklyn, New York 11201

June 27, 2025

By ECF

The Honorable William F. Kuntz II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Christian German Garrido Davalos
                   Criminal No. 23-434 (WFK)

Dear Judge Kuntz:

        The government respectfully submits this letter in advance of the sentencing hearing scheduled in the above-captioned matter for Monday, July 7, 2025, at 12:00 PM. On October 8, 2024, the defendant pled guilty pursuant to a plea agreement to Count Two of the above-captioned Indictment, charging conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846.

        The defendant conspired to sell more than a kilogram of cocaine and $43,400.00 of counterfeit United States currency, in a series of transactions with an undercover New York City Police Department ("NYPD") officer. For the reasons discussed below, the government respectfully submits that a sentence of 24 months—the low end of the applicable Guidelines range of 24 to 30 months' imprisonment—would be sufficient, but not greater than necessary, to achieve the goals of sentencing set forth at 18 U.S.C. § 3553(a).

I.    Background

       A.    Offense Conduct

        Between May and October of 2023, the defendant conspired with others to engage in 13 separate transactions with an undercover NYPD officer (the "UC") in Queens, New York. Presentence Investigation Report ("PSR") ¶¶ 4-6. During these transactions, members of the conspiracy sold the UC approximately 1.024 kilograms of cocaine and $43,400.00 in counterfeit U.S. currency. PSR ¶ 6. The defendant's role was primarily that of a courier. For example, on September 5, 2023, after co-defendant Edihno Huaccha Toscano sold $9,900 in counterfeit U.S. currency to the UC in front of Davalos's residence in Queens, New York, Davalos helped unload

suitcases, at least one of which contained counterfeit currency, from co-defendant Ronald Gonzalez Sosa's vehicle. Davalos then carried suitcases from the car into his residence. PSR ¶ 6.

On October 27, 2023, the defendant, along with his co-defendants Toscano and Sosa, were arrested in a sting operation while attempting to sell the UC approximately 496.5 grams of cocaine. PSR ¶ 6. In that transaction, the defendant picked up more than a pound of cocaine from the trunk of Sosa's minivan and carried it into the UC's vehicle in a plastic container. Complaint, ECF No. 1. The defendant then handed the cocaine to the UC, before agents arrested the defendant at the scene. *Id.*

Although the government did not seek a charge carrying a statutory minimum sentence, given the amount of cocaine at issue, the grand jury could have returned an indictment carrying a five-year minimum sentence. *See* 18 U.S.C. § 841(b)(1)(B)(ii)(II).

II.     The Sentencing Guidelines

The government agrees with the Probation Department's calculation of the Guidelines Offense Level, which is as follows:

| | |
|---|---|
| Base Offense Level (§§ 2D1.1(a)(5) & (c)(8)) | 24 |
| Less: Minor Participant (§ 3B1.2(b)) | -2 |
| Less: Zero-point offender (§ 4C1.1) | -2 |
| Less: Timely Acceptance of Responsibility (§§ 3E1.1(a) & (b)) | -3 |
| Total: | 17 |

PSR ¶¶ 21-30. Because the defendant is in Criminal History Category I, the applicable Guidelines range is 24 to 30 months' imprisonment. PSR ¶ 65.

III.    Legal Standard

It is settled law that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007) (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In doing so, [it] may not presume that the Guidelines range is reasonable. [It] must make an individualized assessment based on the facts presented." *Id.* at 50 (citation and footnote omitted). "When a factor is already included in the calculation of the [G]uidelines sentencing range, a judge who wishes to rely on that same factor to impose a sentence above or below the range must articulate specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the [G]uidelines calculation." *United States v. Sindima*, 488 F.3d 81, 87 (2d Cir. 2007) (citation omitted, alterations in original). "[W]here the sentence is outside an advisory Guidelines range, the court

must also state 'the specific reason' for the sentence imposed, in open court as well as in writing – 'with specificity in a statement of reasons form' that is part of the judgment." *United States v. Aldeen*, 792 F.3d 247, 251-252 (2d Cir. 2015), *as amended* (July 22, 2015) (quoting 18 U.S.C.§ 3533(c)(2)).

Title 18, United States Code, Section 3553(a) provides that, in imposing sentence, the Court shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct; [and]

(C) to protect the public from further crimes of the defendant.

At sentencing, "the court is virtually unfettered with respect to the information it may consider." *United States v. Alexander*, 860 F.2d 508, 513 (2d Cir. 1988). Indeed, Title 18, United States Code, Section 3661 expressly provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Thus, the Court must first calculate the correct Guidelines range, and then apply the 3553(a) factors to arrive at an appropriate sentence, considering all relevant facts. To the extent there remain any open issues as to the correct Guidelines range, the Court should first make any necessary finding to arrive at the correct range. Nevertheless, however the Court arrives at the correct Guidelines range, it still must fashion a sentence that meets the criteria of Section 3553(a) under the specific facts of this case.

IV.   A Guidelines Sentence of 24 Months' Imprisonment is Warranted

The government respectfully requests that the Court impose a sentence of 24 months' imprisonment, the low end of the applicable Guidelines range. A sentence of that length is necessary to reflect the seriousness of the defendant's conduct, to provide just punishment for this offense, and to protect the community. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(C). In the midst of an overdose crisis, the defendant conspired with others to distribute both a dangerous narcotic and counterfeit United States currency in a Queens neighborhood. The significant impact of cocaine and other dangerous drugs on communities in this District is well established. This includes both the devastating effects on the lives of drug users and their families and the violence that too often accompanies drug distribution. Likewise, the distribution of counterfeit currency undermines the integrity of the Dollar and sows mistrust in the financial system. A sentence of 24 months' imprisonment would send a message that trafficking in cocaine and counterfeit currency will not be tolerated in this District. *See id.* § 3553(a)(2)(B).

A 24-month sentence is also no greater than necessary to achieve the goals of sentencing in this case. *See id.* § 3553(a). Given the defendant's minor role in the offense, his lack of criminal history, that he took responsibility for his conduct, and that he has agreed to removal from the United States following his sentence, the government submits that 24 months—the low end of the Guidelines range—is an appropriate punishment.

V.  Conclusion

For the foregoing reasons, the government respectfully submits that a Guidelines sentence of 24 months' imprisonment would be sufficient, but not greater than necessary, to achieve the goals of sentencing in this case.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

 /s/ Matthew Skurnik
Matthew Skurnik
Assistant U.S. Attorney
(718) 254-6231

cc:   Clerk of the Court (WFK) (by ECF)
      Defense Counsel (by ECF)
      U.S. Probation Department (by Email)