UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

UNITED STATES OF AMERICA,

v.

CHRISTIAN GERMAN GARRIDO DAVALOS,

                      Defendant.

---------------------------------------------------------------X

**MEMORANDUM & ORDER**
23-CR-434-3 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On October 8, 2024, Defendant pled guilty to Count Two of a two-count Indictment, charging him with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. Plea Agreement ¶ 1, ECF No. 34. The Court now sentences Defendant and provides a complete statement of reasons, pursuant to 18 U.S.C. § 3553(c)(2), of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons set forth below, Defendant is hereby sentenced to twenty-four (24) months' imprisonment; three (3) years' supervised release with both the standard and special conditions of supervision; forfeiture in the amount of $4,180.00; and a $100.00 mandatory special assessment.

## I. BACKGROUND

Defendant, together with co-defendants Edihno Huaccha Toscano and Ronald Gonzales Sosa, conspired to sell cocaine and counterfeit U.S. currency to an undercover NYPD officer. Sealed Presentence Investigation Report ("PSR") ¶¶ 4–8. Over the course of four months, beginning in May 2023, co-defendant Huaccha Toscano arranged thirteen separate sales of cocaine and counterfeit currency to the undercover officer. *Id.* ¶¶ 5–6. All but one of the sales took place at a home in Queens, New York, where Defendant lived with co-defendant Huaccha Toscano. *Id.* ¶ 5.

On October 27, 2023, Defendant and his co-defendants were arrested in a sting operation during their thirteenth sale to the undercover officer. Gov't Sent'g Mem. at 2, ECF No. 68. In total, the undercover officer purchased 1,023.61 grams of substances containing cocaine and $43,400.00 in counterfeit U.S. currency. PSR ¶¶ 6–7.

1

*Procedural History*

On October 31, 2023, the Government filed a two-count Indictment against Defendant and his co-defendants, alleging (1) conspiracy to sell counterfeit currency and (2) conspiracy to distribute and possess with intent to distribute controlled substances. *See generally* Indictment, ECF No. 11. The Government alleged criminal forfeiture on both counts. *Id.*

On October 8, 2024, Defendant pled guilty to Count Two of the Indictment, charging him with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. In his plea agreement, Defendant stipulated to selling "at least 1.03 kilograms of a substance containing cocaine." Plea Agreement ¶ 2, ECF No. 34. He consented to forfeiture of approximately $44,500.00 in counterfeit U.S. currency seized by law enforcement during the investigation. *Id.* ¶ 7. He agreed to entry of a forfeiture money judgment in the amount of $4,180.00, which the Court ordered on June 24, 2025. *Id.* ¶ 6; *see generally* Order of Forfeiture, ECF No. 63.

## II. LEGAL STANDARD

Congress set forth the procedures for imposing a sentence in a criminal case in 18 U.S.C. § 3553. Together with 18 U.S.C. § 3553, the United States Federal Sentencing Guidelines operate as the "starting point and the initial benchmark" for a court evaluating a criminal sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.* The court's statement of reasons "shall be a simple, fact-specific

statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal citation omitted).

When determining the appropriate sentence, the court must consider seven different factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentence range established by the Guidelines; (5) any pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similar defendants found guilty of similar conduct; and (7) the need to provide restitution to victims of the offense. *See* 18 U.S.C. § 3553(a). The Court now addresses each factor in turn.

### III. ANALYSIS

#### A. The Nature and Circumstances of the Offense and the History and Characteristics of Defendant

The first Section 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

##### 1. *Family and Personal Background*

Defendant was born on June 15, 1992, in Lima, Peru. PSR ¶ 38. Defendant's parents are married and live together in Peru. *Id.* Defendant's father, sixty years old, is a retired security guard. *Id.* Defendant's mother, sixty-one years old, is a homemaker. *Id.* Defendant has seven siblings. *Id.* ¶ 39. Defendant is close with his parents and siblings. *Id.* ¶¶ 38–39. All are aware of the instant offense and supportive. *Id.*

Defendant was raised in Peru under lower-income socioeconomic circumstances; his family shared a small two-room apartment. *Id.* ¶ 40. Defendant's parents worked long hours, leaving Defendant to take care of his younger siblings. *Id.* The family's financial struggles caused Defendant's parents to argue. *Id.* Defendant reports his father was an alcoholic who abused marijuana. *Id.* Defendant also witnessed domestic violence between his parents. *Id.*

Since 2010, Defendant has been in a relationship with his current romantic partner, whom defense counsel refers to as Defendant's "common-law wife." *Id.* ¶ 41; Def. Suppl. Sent'g Mem. at 2, ECF No. 69. Defendant's wife works as a salesperson in Peru. *Id.* She and Defendant have three children together, ages thirteen, five, and two. *Id.* All live with their mother in Peru and are in good health, excepting the oldest child's asthma. *Id.* Defendant's wife and kids have struggled financially since his arrest and have had to move in with Defendant's wife's mother. *Id.*

### 2. *Educational and Employment History*

Defendant attended school in Lima, Peru. *Id.* ¶ 50. From 2004 to 2009, he worked part-time as a bag carrier for a supermarket while attending classes. *Id.* ¶ 57. From 2009 to 2015, after withdrawing from school in the eleventh grade, Defendant worked full-time as a motorcycle taxi driver. *Id.* ¶¶ 50, 56. From 2015 to 2022, he worked in construction and as a painter and assistant welder. *Id.* ¶¶ 54–55.

Later in 2022, Defendant entered the United States. *Id.* ¶ 42. From December 2022 to August 2023, Defendant worked as a car washer in Astoria, New York. *Id.* ¶ 53. From August 2023 to October 2023, defendant worked as a freelance painter in Massachusetts, Pennsylvania, and New York. *Id.* ¶ 52.

On October 27, 2023, Defendant was arrested for the instant offense. *Id.* ¶¶ 9, 51. On October 28, 2023, Defendant was transferred to the Metropolitan Detention Center ("MDC") in Brooklyn, New York. *Id.* ¶ 43. While in custody at the MDC, Defendant has worked as a unit orderly, completed an educational course, and received no disciplinary infractions. *Id.*

       3.     *Prior Convictions*

Defendant has no prior criminal history. PSR ¶¶ 31–34.

       4.     *Physical and Mental Health*

In 2012, Defendant was stabbed in the chest while resisting robbers, causing lasting pain and tightness in his lungs. *Id.* ¶ 46. On November 2, 2023, while in custody at the MDC, Defendant was diagnosed with pulmonary tuberculosis, exacerbating the pain in his lungs. *Id.* ¶ 45. In January 2024, Defendant was hospitalized with lung nodules, including a partially calcified nodule in his upper left lobe. *Id.* SENTRY records indicate Defendant was not medically cleared until October 1, 2024, and Defendant reports ongoing chest pain and difficulty breathing. *Id.*

Defendant reports feeling anxious and depressed from the conditions at the MDC. *Id.* ¶ 47. He reports no other history of mental or emotional health conditions. *Id.* ¶ 48.

       5.     *Substance Abuse*

Defendant describes himself as a social drinker. *Id.* ¶ 49. He has never used illicit drugs or misused controlled substances. *Id.*

       6.     *Nature and Circumstances of the Offense*

The Court's previous statements address the nature and circumstances surrounding the instant offense. *See supra* Part I.

**B.     The Need for the Sentence Imposed**

The second Section 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense, which involved transporting cocaine and counterfeit currency for his co-conspirators to sell to an undercover officer during thirteen separate transactions. The Court's sentence will deter others from engaging in similar acts and justly punish Defendant for his crimes. Indeed, the Court's sentence is "sufficient, but not greater than necessary" to comply with the purposes set forth in this factor. 18 U.S.C. § 3553(a).

**C.     The Kinds of Sentences Available**

The third Section 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant was convicted of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. Plea Agreement ¶ 1. He faces a statutory maximum term of twenty years' imprisonment and no minimum term of imprisonment. 21 U.S.C. § 841(b)(1)(C). He faces a statutory minimum term of three years' supervised release. *Id.* He is eligible for between one- and five-years' probation. 18 U.S.C. § 3561(c)(1). In the absence of extraordinary circumstances, the Court must impose

6

one of the following as a condition of probation: a fine, restitution, or community service. 18 U.S.C. § 3563(a)(2).

With respect to financial penalties, Defendant faces a maximum fine of $1,000,000.00. 21 U.S.C. § 841(b)(1)(C). He owes forfeiture in the amount of $4,180.00. Plea Agreement ¶ 6; Order of Forfeiture ¶ 1. He acknowledges and consents to forfeiture of approximately $44,500.00 in counterfeit U.S. currency seized by law enforcement during its investigation. *Id.* ¶ 7. Finally, the Court is required to impose a mandatory special assessment of $100.00 per count under 18 U.S.C. § 3013(a)(2)(A).

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth Section 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . [t]he applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." *Id.* § 3553(a)(4)(A).

The applicable Guideline for Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances is U.S.S.G. §2D1.1. Defendant has a base offense level of twenty-four (24) because his offense involved more than 500 grams, but less than two kilograms, of cocaine. U.S.S.G. §2D1.1(c)(8). Two offense levels are subtracted because Defendant was a minor participant in the conspiracy. U.S.S.G. §3B1.2(b). Two offense levels are subtracted because Defendant is a zero-point offender. U.S.S.G. §4C1.1. Three offense levels are subtracted because Defendant timely accepted responsibility. U.S.S.G. §§3E1.1(a)–(b). These reductions result in a total offense level of seventeen (17). A total offense level of seventeen (17) and criminal history category of I results in a Guidelines range of 24–30 months' imprisonment. U.S.S.G. §5A; PSR ¶ 65; Gov't Sent'g Mem. at 2; Def. Sent'g Mem. at 3.

Probation recommends a bottom-of-the-Guidelines sentence of twenty-four (24) months' imprisonment, three years' supervised release with special conditions, and a $100.00 mandatory special assessment. Sealed Prob. Sent'g Rec. at 1, ECF No. 43-1; Sent'g Tr. dated July 7, 2025. The Government recommends a bottom-of-the-Guidelines sentence of twenty-four (24) months' imprisonment. Gov't Sent'g Mem. at 1, 4. Defense counsel recommends a below-Guidelines sentence of time served with no term of supervised release. Def. Sent'g Mem. at 5. Both the Government and defense counsel emphasize Defendant's minor role in the conspiracy, lack of criminal history, prompt acceptance of responsibility, and agreement to removal from the United States. *See* Gov't Sent'g Mem. at 4; Def. Sent'g Mem. at 1, 2–3. Defense counsel argues that Defendant, because of his lung injuries, "suffers more than the average detainee from the appalling conditions at [the] MDC." Def. Sent'g Mem. at 7–8; *see also* Def. Suppl. Sent'g Mem. at 2–3.

The Court appreciates the sentencing arguments raised by all parties and has considered each in turn.

E.    **Pertinent Policy Statement(s) of the Sentencing Commission**

The fifth Section 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

Probation draws the Court's attention to the policy statement at U.S.S.G. §5K2.21, permitting the Court to consider additional criminal conduct not accounted for in the Guidelines. *See* PSR ¶ 82 ("[Defendant] participated in the illegal trafficking, distribution, and possession of counterfeit United States currency. This additional criminal conduct could not be accounted for in the guidelines and may warrant an upward departure under USSG §5K2.21.").

### F.    The Need to Avoid Unwarranted Sentence Disparities

The sixth Section 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

On June 18, 2025, and June 26, 2025, this Court sentenced co-defendants Huaccha Toscano and Gonzales Sosa each to twenty-four (24) months' imprisonment and three (3) years' supervised release. *See United States v. Edihno Huaccha Toscano*, 23-CR-434-1, ECF No. 54; *United States v. Ronald Gonzales Sosa*, 23-CR-434-2, ECF No. 66. For the reasons stated in this Memorandum and Order, and considering the other Section 3553(a) factors, Defendant's sentence avoids unwarranted sentence disparities.

### G.    The Need to Provide Restitution

Finally, the seventh Section 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution is not applicable in this case. *See* Plea Agreement ¶ 1(e).

## IV. CONCLUSION

For the reasons set forth above, the Court sentences Defendant to twenty-four (24) months' imprisonment, followed by three (3) years' supervised release with both the standard and special conditions of supervision; forfeiture in the amount of $4,180.00, as set forth in the Order of Forfeiture; and a $100.00 mandatory special assessment. This sentence is sufficient but not greater than necessary to accomplish the purposes of § 3553(a)(2). The Court does not impose a fine considering Defendant's apparent inability to pay. The Court excuses Defendant from the mandatory drug testing provisions of 18 U.S.C. §§ 3563(a)(5) and 3583(d).

The Court expressly adopts the factual findings of the Sealed Presentence Investigation Report, as corrected herein, to the extent those findings are not inconsistent with this opinion.

**SO ORDERED.**

**s/WFK**

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: July 7, 2025
Brooklyn, New York